IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02287-BNB

WILLIAM STEVEN LANGMADE,

    Plaintiff,

v.

DENVER POLICE DEPARTMENT,
BOULDER POLICE DEPARTMENT,
BOULDER SHELTER FOR THE HOMELESS, and
DENVER HEALTH HOSPITAL,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 6 2007

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, William Steven Langmade, initiated the instant action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He also asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2006), which is inapplicable to the instant action because the named parties are not citizens of different states. He asks for injunctive relief, i.e., a Court-ordered cystoscopy, and for money damages. Mr. Langmade has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the complaint liberally because Mr. Langmade is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Langmade will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient. Mr. Langmade is suing improper defendants. The Denver and Boulder police departments are not separate entities from their respective municipalities and, therefore, are not persons under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the Denver Police Department must be considered as asserted against the City and County of Denver, and the claims asserted against the Boulder Police Department must be considered as asserted against the City of Boulder.

Nonetheless, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Langmade cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

The Denver Health Medical Center, formerly Denver General Hospital, is operated by the Denver Health and Hospital Authority, which is a separate public entity and political subdivision of the State of Colorado. *See* Colo. Rev. Stat. § 25-29-101 to - 112. The legislature also established Denver Health as a separate corporate and

2

political subdivision of the state. *See Estate of Harper ex rel. Al-Hamin v. Denver Health*, 140 P.3d 273, 277 (Colo. App. 2006). Mr. Langmade may not sue Denver Health for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

It is not clear to the Court whether the shelter is a private, municipal, or a state entity. If the shelter is a private entity, it may not be sued in a civil rights action because the shelter is not acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Langmade must allege exactly what each defendant did to violate his constitutional rights. Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) *Id.* Mr. Langmade must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable

merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Langmade may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Langmade uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

The complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). In order for Mr. Langmade "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and

4

(3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Langmade's complaint is prolix. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Langmade primarily alleges that in October 2005, while he was asleep in the men's dormitory of the Boulder Shelter for the Homeless, he was rendered unconscious and sexually assaulted, allegedly by police officers with the Denver and Boulder police departments. He apparently asserts that voice messages he received from the Denver Police Department prior to the alleged sexual assault asking him to call the department are related to the assault. He complains that doctors have denied his requests for a cystoscopy.

He also makes allegations that appear to be unrelated to his sexual assault claim, i.e., that he cannot eat in restaurants or ride on buses without being "chemically battered," *see* complaint at 1-2; that he is being "chemical[ly] batter[ed] at Albertson's, Safeway, King Soopers, Wild Oats, and Wal-Mart, *see* complaint at 5; and that as early as 1998 police in California, Hawaii, Washington State, Florida, and Arizona began to "chemically batter" him. *See id.* He contends that on the day he finally was to receive a cystoscopy, he was radiated in the lower abdomen on a bus by a former law school intern with the Denver Police Department. He pontificates about rape statistics; the recidivism rate of convicted felons, many of whom he contends comprise the homeless

tenants at the shelter; the lack of security at the shelter; the educational requirements

for judges; and the lack of any Colorado agency to monitor state municipalities.

Rather than summarizing each claim succinctly in the spaces allowed on the

Prisoner Complaint form, Mr. Langmade apparently expects the defendants and the

Court to piece together the claims asserted in the complaint and to speculate who is

being sued for what and how his constitutional rights have been violated. That is not

the Court's job. It is Mr. Langmade's responsibility to edit and organize his claims and

supporting allegations into a manageable format. Neither the defendants nor the Court

is required to do this work for him. Mr. Langmade must allege, simply and concisely,

his specific claims for relief, including the specific rights that allegedly have been

violated and the specific acts of each defendant that allegedly violated his rights.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th

Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The

Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and

that Mr. Langmade should be given an opportunity to file an amended complaint. He

will be directed to do so below.

Mr. Langmade is advised that he must provide sufficient copies of the amended

complaint to serve each named defendant. The Court will not make the copies

necessary for service. Therefore, Mr. Langmade should review his claims carefully to

ensure that each named defendant personally participated in the asserted constitutional

violations. Accordingly, it is

6

ORDERED that Mr. Langmade file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Langmade, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Langmade submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Langmade fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED November 26, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02287-BNB

William Steven Langmade
PO Box 4373
Boulder, CO 80306

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/26/07

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk