IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02287-BNB

WILLIAM STEVEN LANGMADE,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DPD OFFICER HENDERSON,
CITY OF BOULDER,
DPD AND/OR BPD OFFICER JOHN DOE 1,
JOHN DOE 2-5 (John Doe 2-5 can be police officer, security guard, firefighter, paramedic, nurse, or doctor from either Boulder or Denver),
BOULDER SHELTER FOR THE HOMELESS,
CO-MANAGER JEREMY,
CO-MANAGER JEREMY'S CO-WORKER JOHN DOE 6 (worked night of October 24-25, 2006 (10 pm to 3:13 am)), and
GREG HARMS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 10 2008

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff, William Steven Langmade, initiated the instant action by filing *pro se* a civil rights complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993). He also asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332 (2006). Mr. Langmade was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

On November 26, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Langmade to submit within thirty days an amended complaint that sued the proper parties, that alleged each Defendant's personal participation in the asserted

constitutional violations, and that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On December 21, 2007, Mr. Langmade appealed from the November 26 order for an amended complaint to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit). He also submitted an amended civil rights complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983. The December 21 notice of appeal that Mr. Langmade filed does not deprive the Court of jurisdiction in this action because Mr. Langmade is appealing from a nonfinal order. **See Arthur Andersen & Co. v. Finesilver**, 546 F.2d 338, 340-41 (10th Cir. 1976). For the reasons stated below, the amended complaint will be dismissed.

The Court must construe the amended complaint liberally because Mr. Langmade is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. **See id.** Under 42 U.S.C. § 1983, a plaintiff must allege that Defendants have violated his or her rights under the Constitution and laws of the United States while Defendants acted under color of state law. **Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970).

The Court has reviewed the amended complaint filed in this action and finds that Mr. Langmade still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). In order for Mr. Langmade "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1) which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Langmade's amended complaint is vague. He alleges that between 10 p.m. on October 24, 2006, and 3:13 a.m. on October 25, 2006, he was sexually assaulted at the Boulder Shelter for the Homeless. He maintains that Defendant Denver police

3

officer, Henderson; Defendant Denver or Boulder police officer, John Doe 1; and Defendants, John Does 2-5, whom he identifies as a "police officer, security guard, firefighter, paramedic, nurse, or doctor from either Boulder or Denver," amended complaint at caption, rendered him unconscious; removed a semi-circle of his pubic hair; taped him with adhesive tape, gauze, and cotton; and either masturbated, penetrated, or both masturbated and penetrated him in men's dormitory, which houses approximately one hundred men.

He speculates that Defendant Henderson "used his position" to call him twice within a ten-day period immediately preceding the sexual assault, and "used his position to arrange" to have him rendered unconscious so he could be sexually assaulted. Amended complaint at 3. He further speculates that "[s]ince there had to have been at least two people present to commit the sexual assault," at least a "second Police Officer from Denver or Boulder, John Doe 1," had to be present on October 24-25, 2006. *Id.* He also speculates that "John Doe[s] 3-5, police or non-police, from Boulder or Denver may have assisted." *Id.* He guesses that "John Doe 2 necessarily had experience as a health care worker," which he further guesses "could have been gained as a fire fighter, paramedic, medic in the armed forces, nurse[,] and especially as a medical doctor. *Id.*

The reason or reasons Mr. Langmade is suing Defendants Boulder Shelter for the Homeless, Co-Manager Jeremy, his Co-Worker John Doe 6, or Greg Harms are not clear to the Court. In any case, if the shelter is a private entity, the shelter and its employees may not be sued in a civil rights action because they are not acting under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Mr.

4

Langmade also makes allegations that appear to be unrelated to his sexual assault claim, i.e., that he cannot eat in restaurants without being "chemically battered," *id.* at 2, a claim that makes no sense. In an unpublished opinion, the Tenth Circuit recently noted that "[o]ccasionally, something stranger than fiction turns out to be the truth. Courts are entitled, however, to require evidence – and the stranger the claim, the more credible the evidence should be to substantiate it." *Vega v. Wiley*, No. 07-1353, 2007 WL 4386043 (10th Cir. Dec. 17, 2007). Mr. Langmade fails to offer any facts in support of his claim of chemical battering.

Mr. Langmade's vague and conclusory references to the individuals and entities he believes committed the alleged sexual assault do not satisfy the pleading requirements of Fed. R. Civ. P. 8. In addition, he fails to allege facts demonstrating that each named Defendant was acting under color of state law. *See Adickes*, 398 U.S. at 150. Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Mr. Langmade's claims against the named Defendants are speculative at best.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The burden

Mr. Langmade places upon Defendants and the Court to identify, interpret, and respond to his specific claims is unreasonable. In short, the Court is unable to determine why Mr. Langmade has filed this action against these Defendants in this Court. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). It is

FURTHER ORDERED that the motions filed on October 30, 2007, and on December 21, 2007, requesting the Court to order a medical examination for Plaintiff are denied as moot.

DATED at Denver, Colorado, this 9 day of January, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02287-BNB

William Steven Langmade
PO Box 4373
Boulder, CO 80306

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on \_\_1/10/08\_\_

                            GREGORY C. LANGHAM, CLERK

                    By: _____
                               Deputy Clerk